WALTER H. NILES, Respondent, v. HENRI B. LEITMAN, Appellant.

First Department, June 5, 1951.

*Charles B. McGroddy, Jr.,* of counsel (*Alexander & Keenan,* attorneys), for appellant.

*William Levin* of counsel (*Frederick Katz* with him on the brief; *Marcus & Schenkman,* attorneys), for respondent.

*Per Curiam.* The court below correctly found the existence of a valid and enforcible partnership between the parties. The court erred, however, in ordering an accounting from the date of inception of the partnership to the date of the decree. The conduct of both parties unequivocally evidenced an intent to terminate the partnership on or about July 11, 1947: plaintiff, by his preparation and signing of the certificates of dissolution

followed by his exclusion of defendant from the partnership office; defendant, by his signing of the certificates of dissolution. In any event, repudiation by either partner, although in an appropriate case it might give rise to an action for breach of contract, would be sufficient to dissolve the partnership (Partnership Law, § 62, subd. 2; *Cahill* v. *Haff*, 248 N. Y. 377). The interlocutory judgment appealed from should be modified in accordance with this opinion and, as so modified, affirmed with costs to defendant-appellant. Settle order, making new findings of fact and conclusions of law in accordance with the foregoing determination and reversing findings of fact and conclusions of law inconsistent therewith.

VAN VOORHIS, J. (dissenting in part). The alleged partnership agreement forbade each partner to " employ any of the money or effects of the partnership * * * without the written consent of the other, and then only in the usual and regular course of business." No such consents were given, nor were they waived, either expressly or by implication. Such limitation is fundamentally inconsistent with carrying on business under the partnership form of organization. I concur in the *Per Curiam* opinion to the extent that, if any partnership between appellant and respondent came into existence, it was terminated on or about July 11, 1947, but consider that the partnership agreement was such in name only, and vote to dismiss the complaint upon the ground that no partnership was formed between the parties.

PECK, P. J., GLENNON, CALLAHAN and SHIENTAG, JJ., concur; VAN VOORHIS, J., dissents in part in opinion.

Interlocutory judgment modified in accordance with the opinion herein and, as so modified, affirmed, with costs to the appellant. Settle order on notice making new findings of fact and conclusions of law in accordance with said opinion and reversing findings of fact and conclusions of law inconsistent therewith. Settle order on notice.